**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JULIO REYES-CORRO,

  Defendant - Appellant.

No. 03-4236
(D. Utah)
(D.C. No. 2:03-CR-017-TS)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **HENRY** and **TYMKOVICH** , Circuit Judges. [**]

On June 6, 2003, Julio Reyes-Corro entered a plea agreement with the

government whereby he pled guilty to one count of illegal reentry into the United

States in violation of 8 U.S.C. § 1326 (2000).  On appeal to this court, Reyes-

Corro challenges the district court's application of the United States Sentencing

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders; nevertheless, an order may be cited
under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Guidelines ("USSG"). The government concedes that the district court committed plain error, and we therefore reverse and remand for resentencing.

Persons violating 8 U.S.C. § 1326 are sentenced according to USSG § 2L1.2, which provides a base offense level of eight. In its Presentence Report ("PSR"), the United States Probation Office found that Reyes-Corro had previously been deported after a conviction under California Penal Code § 487(c) for grand theft from a person. Based on this prior conviction, the PSR recommended a 16-level sentence enhancement under USSG § 2L1.2(b)(1)(A). Without making additional findings, the district court imposed the recommended 16-level enhancement and sentenced Reyes-Corro to 70 months imprisonment. At sentencing, Reyes-Corro did not object to the 16-level enhancement.

Because Reyes-Corro failed to object to the district court's application of the sentencing guidelines, our review of the district court's sentencing determination is limited to plain error review. *See United States v. Price*, 265 F.3d 1097, 1107 (10th Cir. 2001). Plain error occurs when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See Jones v. United States*, 527 U.S. 373, 389 (1999). An application of the wrong sentencing range under the sentencing guidelines can constitute plain error. *See United States v. Occhipinti*, 998 F.2d 791, 801-02 (10th Cir. 1993).

Although both parties in this case conclude that the district court erred in applying a 16-level enhancement to Reyes-Corro's base offense, they reach their conclusions differently. According to Reyes-Corro, his prior conviction for grand theft from a person was not a "felony," and therefore the 16-level enhancement under USSG § 2L1.2(b)(1)(A) was inappropriate. We need not decide here whether Reyes-Corro has waived his "felony" argument or which interpretation of the word "felony" is correct. Although the government contests Reyes-Corro's assertion that he did not commit a felony, it concludes that Reyes-Corro's conviction for grand theft from a person does not constitute a "crime of violence," which is an additional element required for a 16-level enhancement under USSG § 2L1.2(b)(1)(A). Thus, while the parties take different roads, they both end up at the same place: the district court plainly erred when it imposed a 16-level enhancement under USSG § 2L1.2(b)(1)(A).

We agree that the district court's imposition of a 16-level enhancement was plain error. The district court's misapplication of the sentencing guidelines was understandable given an error in the PSR. The PSR recommends a 16-level enhancement for "aggravated felony," but under the sentencing guidelines, an aggravated felony is only grounds for an eight-level enhancement. *See* USSG § 2L1.2(b)(1)(C). The parties agree that a correct application of the sentencing guidelines is as follows: a base level of eight under USSG § 2L1.2, an eight-level

enhancement for aggravated felony under subsection (b)(1)(C), and a three-level reduction due to acceptance of responsibility.

We therefore REVERSE the district court's sentencing decision and REMAND for resentencing.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge